IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHURCH OF UNIVERSAL LOVE AND )
MUSIC and WILLIAM D. PRITTS, )
  )
     Plaintiffs, )
  )
     v. )    Civil Action No. 06-872
  )
FAYETTE COUNTY, et al. )
  )
     Defendants. )

AMBROSE, Chief District Judge.

**MEMORANDUM OPINION
AND
ORDER OF COURT**

Before me are four pending Motions *in Limine*. The first Motion was filed by the Defendants

(Docket No. 74) and seeks to exclude testimony and a letter dated July 27, 2007 by former Solicitor

Gretchen Mundorff based on attorney client privilege. The second, third and fourth Motions were

filed by the Plaintiffs and seek to preclude the introduction of unspecified documentary evidence

(Docket No. 75), unspecified video evidence and a video of *The Daily Show* (Docket No. 76), and

unspecified witnesses (Docket No. 77). The motions are fully briefed and are now ripe for

disposition.

    1.    <u>Defendants' Motion *in Limine* to exclude testimony of privileged legal
        recommendation of Solicitor Mundorff (Docket No. 74)</u>

The Defendants seek to preclude the introduction of a letter by former Solicitor Gretchen

Mundorff and any testimony related thereto because of attorney client privilege. The Defendants have provided the letter as an exhibit to their motion. (Docket No. 74 Ex. A).

Gretchen Mundorff, Esq. was the Solicitor to the Fayette County Zoning Hearing Board during the relevant time of events in this case. Solicitor Mundorff was also originally a defendant in this case, however, she has been since voluntarily dismissed. On July 27, 2007, Solicitor Mundorff sent a letter to Plaintiffs' counsel describing her involvement with respect to the incidents giving rise to this case. In the letter, Solicitor Mundorff stated that she recommended that Mr. Pritts' application for a special exception be granted with conditions.

The Defendants argue that the recommendation by Solicitor Mundorff is subject to attorney client privilege and her disclosure of the recommendation does not waive the Zoning Hearing Board's privilege. The Defendants are correct that an attorney cannot waive his client's privilege, Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 31 F.3d 851, 862 (3d Cir. 1994)(client is holder of privilege), however, a client can waive the privilege by the failure to timely object to the disclosure of a purportedly privileged communication. See Nguyen v. Excel Corp., 197 F.3d 200, 207 (5th Cir. 1999). The Plaintiffs point out that the letter from Solicitor Mundorff was marked as an exhibit in the deposition of defendant Tammy Shell-Stenson on August 7, 2007,where questions were asked regarding the letter and no objections were made. Furthermore, in the depositions of Sheryl Heid and Dennis Nurkiewicz which took place on September 6 and 7, 2007, questions were asked about Solicitor Mundorff's recommendation to the Board without objection. The letter by Solicitor Mundorff was also attached as a Plaintiff's Exhibit EE (Docket No. 58-5 p.7-9) in Plaintiff's Appendix to Concise Statement of Facts which was filed on January 15, 2008, again without objection from the Defendants.

2

It is clear that since August 7, 2007, the Defendants have been aware that the Plaintiffs have been in possession of the letter from Solicitor Mundorff and were aware of her recommendation to the Board. At no time during the course of this case, until now, have the Defendants argued that the letter and recommendation are privileged. Furthermore, the Plaintiffs have relied on the letter and it would be unfairly prejudicial to now treat the letter as privileged. In F.C. Cycles International v. Fila Sports, S.p.A., 184 F.R.D. 64 (D. Md. 1998), the court held that where a document was marked as an exhibit by the plaintiff and used at several depositions and was not objected to until more than a year from the disclosure, the defendant could not maintain that it intended to keep the document privileged. F.C. Cycles, 184 F.R.D. at 74. Therefore, since the Defendants have not treated the letter by Solictior Mundorff as confidential, the Defendants have waived any privilege that might have existed. Defendants' motion is denied.

2. <u>Plaintiffs' Motion *in Limine* to preclude Defendants from introducing unspecified documentary evidence (Docket No. 75) & Plaintiffs' Motion *in Limine* to preclude Defendants from introducing unspecified witnesses (Docket No. 77)</u>

The Plaintiffs seek to preclude the introduction of certain unspecified documents and unspecified witnesses mentioned in the Defendants' Pre-Trial Statement (Docket No. 73). The Plaintiffs object to Defendants' use of the phrase "all related documents" or "all documents related to" in the exhibit list as vague and not an adequate description required by Local Rule 16.1.4. Similarly, the Plaintiffs object to the Defendants' witness list inclusion of "Persons who opposed zoning requests including, but not limited to, written objectors and witnesses at prior proceeding" as improperly vague and in violation of Local Rule 16.1.4.

The Defendants' Response (Docket No. 82) states that as to the documentary evidence, the

Defendants were only referring to documents filed of record or referenced in the record and were not referencing any documents that would not have already been in the possession of the Plaintiffs. For the unspecified witnesses, the Defendants have provided a list of the witnesses they were referring to in their Pre-Trial Statement. (Docket No. 82 at ¶6). Therefore, since the Defendants have specified what documents and witnesses they were referring to, the Plaintiffs' Motions are denied as moot.

3. Plaintiffs' Motion *in Limine* to preclude Defendants from introducing unspecified video evidence and a video of *The Daily Show* (Docket No. 76)

The Plaintiffs seek to preclude the introduction of unspecified videotapes of events at the Church of Universal Love and Music. The Plaintiffs additionally seek to preclude the introduction of a video segment of *The Daily Show* about the Church of Universal Love and Music.

First, as to the unspecified videotapes, the Plaintiffs state that Defendants' Pre-trial statement is unclear as to what videotapes of events at the Church of Universal Love and Music are at issue. The Defendants respond that the only videos sought to be admitted are the videos that were produced as exhibits for the Motion for Summary Judgment. (Docket No. 61 Ex. UUUU and VVVV). Since the Defendants have specified the videos that are sought to be admitted, the Plaintiffs' motion with respect to unspecified videos is denied as moot.

As to the segment from *The Daily Show*, the Plaintiffs argue that the segment is inadmissible as it is not relevant and the clips of plaintiff William Pritts were heavily edited to suit the show's agenda. The segment from *The Daily Show* is entitled "Using My Religion" which depicts a mock news feature on The Church of Universal Love and Music and includes an interview with William Pritts. The interview runs approximately four minutes and includes questions concerning "church

4

policy on bogarting a joint," "whether King David rocks" and "what would be on Jesus's set list."

In addition to these questions, the segment also includes a laugh track.

The Defendants argue that the segment is relevant because it would have the tendency to make less probable the existence of a sincerely held religious belief on the part of the Plaintiffs. Sincerity of religious belief is an element of the Plaintiffs' RLUIPA claim and is a disputed fact in this case. (Docket No. 67 at p.12-13). I agree, that the segment would be relevant under Fed. R. Evid. 401 as its content might challenge the Plaintiffs' sincerity of belief. However, because the video was edited, because it contains a laugh track and because neither the court nor counsel know what was said and what occurred in the complete interview, under Fed. R. Evid. 403, its probative value is substantially outweighed by the danger of unfair prejudice. Should the Defendants be able to produce an unedited version of the interview, absent a laugh track, the admissibility of the evidence would be reconsidered. Until such production is made, Plaintiffs' Motion with respect to the segment is granted.

## ORDER OF COURT

THEREFORE, this 22nd day of January, 2009, after consideration of the various Motions *in Limine* filed by the parties, it is ordered as follows:

1.  Defendants' Motion *in Limine* to exclude testimony of privileged legal recommendation of Solicitor Mundorff (Docket No. 74) is denied;

2.  Plaintiffs' Motion *in Limine* to preclude Defendants from introducing unspecified documentary evidence (Docket No. 75) is denied as moot;

3.  Plaintiffs' Motion *in Limine* to preclude Defendants from introducing unspecified video evidence and a video of *The Daily Show* (Docket No. 76) is denied as moot with respect to the unspecified video evidence and granted with respect to the video of *The Daily Show*.

4.  Plaintiffs' Motion *in Limine* to preclude Defendants from introducing unspecified witnesses (Docket No. 77) is denied as moot;

BY THE COURT:

  /s/ Donetta W. Ambrose  
Donetta W. Ambrose
Chief U.S. District Judge

Dated: January 22, 2009.

cc/ecf: All counsel of record.