# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Church of Universal Love and Music and )
William D. Pritts, )
                                                         )
           Plaintiffs, ) Civil Action No. 06-872
                                                         )
  -vs- )
                                                         )
Fayette County, Fayette County Office of Planning, )
Zoning and Development, Fayette County )
Zoning Hearing Board, Lloyd Eicher, Dennis )
Nurkiewicz, Sheryl Heid, Tammy Shell and )
Mark Morrison, )
                                                         )
          Defendants. )

AMBROSE, Chief District Judge.

## OPINION AND ORDER

Currently before me is Defendants' motion for reconsideration of my January 22, 2009 order denying Defendants' motion in limine to exclude testimony concerning a recommendation rendered by Solicitor Mundorff. (Docket entry no. 88). Upon analysis and consideration of the Defendants' motion and Plaintiffs' response, I am denying the Defendants' motion for reconsideration.

### Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also, Drake v. Steamfitters Local Union No. 420*, 1998 U.S. Dist. LEXIS 13791, No. CIV.A97-CV-585, 1998 WL 564886, at *3 (E.D. Pa. Sept. 3, 1998). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available;

1

or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion. *See Vaidya v. Xerox Corp.*, 1997 U.S. Dist. LEXIS 18548, No. CIV.A.97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997). A motion for reconsideration should not ask the court to rethink a decision that it has already made. *Tobin v. GE*, No. Civ. A. 95-4003, 1998 WL 31875, at *2, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 27, 1998).

**Opinion**

Although Defendants' brief in support of their motion does not specifically state which of the three bases applies to their request for reconsideration, their brief generally implies that my January 22, 2009 order ought to be reconsidered under the third prong of the *Max's Seafood* test. Specifically, Defendants argue that *F.C. Cycles International v. Fila Sports, S.p.A.*, 184 F.R.D. 64 (D.Md. 1998), cited in my prior order, is factually distinguishable from the instant matter thereby requiring me to vacate my prior order and exclude a letter prepared by Solicitor Mundorff from evidence.[1] Defendants argue that if I find *F.C. Cycles* inapplicable to the instant matter, my reliance upon it in my prior opinion constitutes a clear error of law which requires me to reverse my position in order to avoid manifest injustice. I cited *F.C. Cycles* in my prior opinion finding its reasoning to be sound and instructive and thus, my reference to it does not constitute manifest injustice.

---

[1] Defendants' brief also suggests that Solicitor Mundorff's letter ought to be excluded from evidence because it lacks relevance with respect to Plaintiffs' claims and/or because it is more prejudicial than probative under F.R.E. 403. These objections cannot be evaluated by me as part of a motion to reconsider since they present new legal theories for the court to consider.

As stated in my prior opinion, because Plaintiffs' counsel utilized Solicitor Mundorff's letter during several depositions without any attorney-client objection from Defendant-Zoning Hearing Board, Defendant waived the privilege. This scenario is explained in *F.C. Cycles*, *supra*, as well as in other Pennsylvania state and Third Circuit cases governing same.[2] *See, e.g., Bonds v. Bonds*, 455 Pa. Super. 610 , 689 A.2d 275, 277 (1997) (Pennsylvania appellate courts find waiver when the communication is made in the presence of or communicated to a third party or to the court, when the client relies on the attorney's advice as an affirmative defense, or when the confidential information is placed at issue); *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979) (the attorney-client privilege applies only if ... the privilege has been (a) claimed and (b) not waived by the client); and most recently, *Office of Douglas T. Harris Esq. v. Philadelphia Waterfront Partners, L.P.*, 957 A.2d 1223, 1231 (Pa. Super. 2008) (the proponent of a privilege carries the burden of, at the minimum, baldly invoking and/or asserting the privilege).

Based on the above facts and authority I must deny Defendants' motion for reconsideration.

---

[2] The Third Circuit and the state of Pennsylvania apply the same test in evaluating the attorney client privilege. *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 861 (3d Cir. 1994).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Church of Universal Love and Music and William D. Pritts, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 06-872 ) |
| -vs- | ) ) |
| Fayette County, Fayette County Office of Planning, Zoning and Development, Fayette County Zoning Hearing Board, Lloyd Eicher, Dennis Nurkiewicz, Sheryl Heid, Tammy Shell and Mark Morrison, | ) ) ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# **ORDER**

AND now, this 11th day of February, 2009, for the reasons set forth in the accompanying Opinion, it is hereby ordered that Defendants' Motion for Reconsideration [Docket Entry No. 89] is denied.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge
