IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Church of Universal Love and Music and William D. Pritts, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 06-872 ) |
| -vs- | ) ) |
| Fayette County, Fayette County Office of Planning, Zoning and Development, Fayette County Zoning Hearing Board, Lloyd Eicher, Dennis Nurkiewicz, Sheryl Heid, Tammy Shell and Mark Morrison, | ) ) ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

**MEMORANDUM ORDER**

On August 13, 2009, I granted Defendants' request for a preliminary injunction due to Plaintiffs' breach of the settlement agreement and set a date for a hearing on Defendants' request for a permanent injunction. At the close of the hearing, Plaintiffs requested that a bond be posted and the parties agreed to brief the issue as to why a bond was required. On August 21, 2009, I received position statements from the parties.

Federal Rule of Civil Procedure 65(c) states, "[t]he Court may issue a preliminary injunction . . . only if the movant gives security in the amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." In *Temple University v. White*, 941 F.2d 201 (3d Cir. 1991) the Court of Appeals for the Third Circuit held that, "[w]hile Rule 65(c) does state that a plaintiff shall post a security bond before a district court may grant a preliminary injunction, we have acknowledged, on several occasions, that

1

there may be instances in which a strict reading of Rule 65(c) would be inappropriate." 941 F.2d at 219.

These "instances" referenced by the *White* Court are not defined. Prior to the *White* decision, the Court of Appeals suggested that if the party against whom an injunction is placed will sustain no monetary loss, a bond <u>may</u> not be required (*see*, *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 803-804, n.8 (3d Cir. 1989)); or, when the bond poses a barrier to the granting of a preliminary injunction such as if the party awarded the injunction can not afford to post the bond, a bond may not be required (*see*, *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 210-211, n.32 (3d Cir. 1990)). Most recently, in *Elliott v. Kiesewetter,* 98 F.3d 47 (3d Cir. 1996), the Court of Appeals for the Third Circuit held:

> . . . the *Temple University* exception involves a balance of the equities of the potential hardships that each party would suffer as a result of a preliminary injunction. Where the balance of these equities weighs overwhelmingly in favor of the party seeking the injunction, a district court has the discretion to waive the Rule 65(c) bond requirement.

98 F.3d at 60.

In this case, Defendants suggest that according to *White,* the posting of a bond may be waived in order to protect "public interests" and note that drug use on the Plaintiffs' property was demonstrated by evidence presented at the preliminary hearing. However, in *White,* the entity moving for the injunctive relief and the entity pursuing a public interest (enforcement of rights under the federal Medicaid statutes), was also an entity "on the brink of financial ruin." Thus, I do not think that *White* sits on all four corners with this matter. I do note that Defendants also posit that they are a municipal entity and although they have not expressed an inability to pay a bond, they present it as a concern and burden on the taxpayers of Fayette County. In addition, Defendants

suggest the court consider the likelihood of success on the merits for a permanent injunction and the lack of documentary evidence regarding Plaintiffs' alleged losses during the pendency of the preliminary injunction.

Plaintiffs have offered an affidavit of William Pritts indicating losses in the amounts of $45,000 for pre-paid non-refundable deposits, $25,000 for "lost gate" receipts and $130,000 for "damage to membership growth." No contracts concerning the pre-paid non-refundable deposits were attached, and no financial information documenting the gate receipt history was supplied. The "damage to membership growth" is something that I do not consider to be affected by my preliminary injunction order since I did not enjoin the Church from continuing its operations.

In light of the lack of documentary evidence supplied by the Plaintiff, and given the fact that the Defendants are municipal defendants, I find that a nominal bond should be set in this case. Based on the foregoing, I find that $10,000 is an appropriate amount to set as bond in this case and require that Defendants post same forthwith.

## **ORDER**

This 24th day of August, 2009, Defendants must post a bond forthwith in the amount of $10,000 in connection with the grant of their motion for a preliminary injunction.

BY THE COURT:

s/ Donetta  W.  Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge